UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ESTUDIOHACEDOR, PSC d/b/a "HACEDOR/MAKER ARQUITECTOS,"<br><br>**Plaintiffs**<br><br>v.<br><br>JUAN ANTONIO LARREA and the conjugal partnership established with his wife Jane Doe; ISLAND CREAMERY, Inc.; CARLOS GAUTIER and the conjugal partnership; established with his wife Susan Roe; GDT, LLC; CARIBBEAN DISPLAY AND CONSTRUCTION INC.; RAFAEL PAGAN GONZALEZ ; Companies A, B,& C; Insurance Companies X, Y & Z; William Doe and May Doe.<br><br>**Defendants** | Case No.22-_____(___)<br><br><br><br>Copyright Infringement<br><br><br><br><br><br><br><br><br><br>Jury Trial is Demanded. |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff, ESTUDIOHACEDOR, PSC d/b/a "HACEDOR;MAKER/ARQUITECTOS" through the undersigned attorneys very respectfully states, alleges and prays as follows:

I. <u>**NATURE OF ACTION**</u>

This is an action for copyright infringement in which Plaintiff, HACEDOR:MAKER seeks to recover compensation for all of defendants' negligent and willful acts of copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq;*

1

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction because: (a) this is a civil action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*; matter jurisdiction being conferred under 28 U.S.C. §§ 1331 and 1338;

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. §1400(a), because defendants reside or have their principal places of business in this district and a substantial part of the acts and omissions giving rise to these claims occurred herein.

## III. PARTIES

3. Plaintiff, EstudioHacedor, PSC d/b/a "Hacedor Maker/Arquitectos" (Estudio Hacedor) is a professional services corporation organized under the laws of the Commonwealth of Puerto Rico with registration number 310567 and postal and physical address of 68 Ave. Condado,1st Floor, San Juan, Puerto Rico 00907, Tel. (787) 725-2521.

4. Defendant, Juan Antonio Larrea, is of legal age, upon information and belief, married to Jane Doe, with whom he forms a conjugal partnership, and resident of Puerto Rico. Defendant Larrea is included in this complaint in his personal capacity and as representative of the conjugal partnership established with his wife, May Doe 1.

5. Upon information and belief, defendant, Island Creamery, Inc. is a corporation organized under the laws of the Commonwealth of Puerto Rico with registration No. 367918 and business address of Amelia Industrial Park Diana St., Lot 35, Guaynabo, PR 00965.

6. Defendant, Carlos Gautier is of legal age, married to Susan Roe with whom, on information and belief he forms a conjugal partnership and resident of Puerto Rico. Defendant Gautier is included in this complaint in his personal capacity and as representative of the conjugal

partnership established with his wife, Mary Doe 2.

7. Upon information and belief, defendant, GDT, LLC is a limited liability company organized under the laws of the Commonwealth of Puerto Rico with an address of 1403 Calle Georgetti, Santurce, PR 00909.

8. Upon information and belief, defendant, Rafael Pagán González is of legal age, married to Mary Doe with whom, on information and belief he forms a conjugal partnership and resident of Puerto Rico. Defendant, Pagán is included in this complaint in his personal capacity and as representative of the conjugal partnership established with his wife, May Doe 3. Mr. Pagan is sued solely for injunctive relief.

9. Upon information and belief, defendant, Caribbean Display and Construction, Inc. is a corporation organized under the laws and statutes of the Commonwealth of Puerto Rico with registration No. 81334 and business address of 453 Calle A, Suite 3, Mario Julia Industrial Park Carolina, PR 00920. Caribbean Display and Construction is sued solely for injunctive relief.

10. Co-Defendants, Companies A, B & C, are corporations that may be responsible to Plaintiff for the facts alleged in the present Verified Complaint, but at this moment their names and addresses are unknown.

11. Co-Defendants, Insurance Companies X, Y & Z, are insurance companies that may be responsible to the Plaintiff for the facts alleged in the present Verified Complaint, but at this moment their names and addresses are unknown.

12. Co-Defendants, William Doe and Jane Doe, are unknown individuals who are or might be responsible to the Plaintiff for the facts alleged in the present Verified Complaint, but at this moment their names and addresses are unknown.

### IV.  FACTUAL ALLEGATIONS

13. Plaintiff, EstudioHacedor, PSC d/b/a "Hacedor;Maker/Arquitectos" ("Estudio Hacedor") is an entity that is in the business of creating designs of commercial and residential units, homes and businesses in the Puerto Rico.

14. Sometime in the year 2014, after a competition and an interview process, South American Restaurants, Corp. (SARC) an affiliate of defendant Island Creamery, which is also presided by Defendant Larrea contracted Estudio Hacedor for the styling and design of its commercial office space and in Guaynabo, Puerto Rico.

15. As requested, Estudio Hacedor drafted and created a style and design proposal for SARCO's corporate office and SARCO, through Mr. Larrea proceeded to hire Estudio Hacedor for such endeavor:



16. The style and design plans created by Estudio Hacedor for the office space in Guaynabo was implemented by SARCO/Mr. Larrea, and it was so liked and publicly accepted that it won several local and international design honors for its design style and arrangement of spaces and

elements.

17. Indeed, the design won the CEMEX international competition in Mexico, where Estudio Hacedor entered it into the competition.

18. Island Creamery, as the exclusive licensee/franchisee of the Baskin Robbins' brand of ice cream in Puerto Rico, on or about 2016 after an interview and competitive process, then proceeded to ask Estudio Hacedor for cost estimate proposals and plans for the design and styling of the new Baskin Robbins Ice Cream stores in Puerto Rico for the design of twenty-one (21) stores at different locations in Puerto Rico.

19. On or about May 2016, upon review of the design and costs' proposal, Island Creamery proceeded to engage Estudio Hacedor verbally for the implementation of such styling of Baskin Robbins Ice Cream stores in Puerto Rico, be it new stores or remodeling of current stores.

20. As requested, during the summer of 2016 Estudio Hacedor traveled to Los Angeles with Island Creamery representatives in order to present to the design division of Baskins Robbins in Los Angeles the schematic plans, illustrating the re-energizing/renewal of the Baskin Robbins brand in Puerto Rico.

21. After the Los Angeles meeting, Estudio Hacedor proceeded to create construction, cost estimates, and a wholly original Architectural works and technical drawings for the Baskin Robbins' stores, which consisted of the overall form as well as the arrangement and composition of spaces and elements in the design of the establishments, including but not limited to the lighting, colors, materials, furniture, lamps and overall concept and feel.

22. All of the original architectural works and technical drawings created by Estudio Hacedor for the Doramar and San Patricio stories have a copyright note, stating that the designs therein depicted consist of intellectual property owned by Estudio Hacedor d/b/a

Hacedor:Maker/Arquitectos, CSP for the sole use of the Doramar and San Patricio stores respectively. Plaintiff authorized no other use then or in the future.

23. The designs created by Estudio Hacedor were then executed by Island Creamery at two Baskin Robbins locations in Puerto Rico: (1) Doramar Shopping Area having been completed around March 2019 and (2) San Patricio Shopping Area (Guaynabo) with construction ending around November 2019. Plaintiff's Dorado store is below:



This is the interior:



22. Island Creamery paid Estudio Hacedor for its design work per store and never contacted Estudio Hacedor again for the implementation of the design at additional stores.

23. To preserve its rights and integrity as sole owner to the Architectural work and technical drawings of the designs used at the stores, Estudio Hacedor secured its work in two (2) Federal Copyright Registration certificates:

>No.1(VA Certificate No.2-277-706
>("*Baskin Robbins Doramar"*/Architectural work);

>No.2(VA Certificate No.2-277-709("*Baskin Robbins Doramar"*/Technical Drawing);

25. However, on or about August, 2021, two years after the completion of the Doramar and San Patricio Store, Estudio Hacedor's principal, licensed Architect José Fernando Vázquez Pérez, learned that Island Creamery, in conjunction with defendants, Juan Antonio Larrea, Carlos Gautier, Gautier Y De Torres, Caribbean Display And Construction, Inc., had constructed

7

additional Baskin Robbins' stores reproducing, duplicating, displaying, creating derivative works, and infringing a substantial portion and/or the totality of Estudio Hacedor's wholly original Architectural works and technical drawings, without Estudo Hacedor's written, oral or implied consent, permission, authorization and/or license.

26. Furthermore, Estudio Hacedor never transferred and/or assigned any of its copyrights to the store designs to Island Creamery and/or any third party in writing or verbally.

27. In August 2021, Estudio Hacedor sent notice of such infringing acts to its copyrights, Defendants, Island Creamery, and requested an explanation and asked Defendants to cease and desist from using them.

28.     The first column in the photos below is of Estudio Hacedor's design, the second and third columns are the copies built in Hatillo and Montehiedra.







29. After much delay, Defendants responded stating that the United States Copyright Office was mistaken in granting the two copyrights because, according to Defendants, Estudio Hacedor's copyrighted designs contained no original design elements.

30.   Despite being put on notice and having full knowledge of the rights and ownership of copyrights in question, Defendants intentionally proceeded to commercially exploit Plaintiff's protected copyrights the without an implied and/or express license from Estudio Hacedor , thereby willfully infringing on Estudio Hacedor's exclusive rights to the Architectural work and technical drawings.

31. Since then, Plaintiff has learned that Defendants again infringed its copyrights in

another Baskin Robbins restaurant in Hato Rey.

32. While the parties have been talking, and with Defendants being of notice of their infringements, Defendants have infringed again and have filed requests for construction permits for the following additional restaurants: Salinas, Los Colobos, Humacao, and Ponce 1.

33. On information and belief, Defendants intend to continue to infringe and construct the planned 21 restaurants with Plaintiff's copyrighted designs.

34. On information and belief, Baskin Robbins has used Plaintiff's copyrighted designs outside Puerto Rico.

35. All of Defendants' acts, as alleged herein, were without permission, license authorization and/or consent of Plaintiff, Estudio Hacedor, which is the rightful and legal owner.

36. Plaintiff, Estudio Hacedor has suffered damages form the Defendants' acts of copyright infringement, as such all defendants have derived profits and benefited from said illegal, intentional, wrongful, infringing, and negligent acts.

37. Typically, an architect charges fees based on the total construction cost of a project.

38. Each new restaurant has an estimated construction cost of $1,000,000.

39. Based on the published tables of the Board of Architects and Landscape Architects, these construction projects fall under Category 2 for retail establishments.

40. The suggested fee for architectural designs for retail establishments of a value of more than $1,000,000 and less than $1,100,000 is $100,750.00.

41. Another way to calculate the damages caused by Defendants would be based on the profits generated at the restaurants that have opened so far.

42. In the alternative, Plaintiff seeks statutory damages as the Copyright law provides.

## V. CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, et seq.

43. Plaintiff, Estudio Hacedor, repeats and re-alleges every allegation set forth in the preceding paragraphs.

44. Defendants, Island Creamery, GDT, Caribbean Display And Construction, Inc. did not obtain Plaintiff's, Estudio Hacedor's authorization, license or any other consent to use, reproduce, copy, print, distribute, make derivative works from, publicly exhibit or display, nor commercially exploit Estudio Hacedor's copyrighted Architectural works and technical drawings as registered in certificates: VA Certificate No.2-277-706 ("Baskin Robbins Doramar"/Architectural work) and VA Certificate No.2-277-709("Baskin Robbins Doramar"/Technical Drawing)through the construction of stores or in any manner.

45. Defendants Island Creamery, Gautier y De Torres, Caribbean Display and Construction, Inc., intentionally and willfully, manufactured, reproduced, distributed, made derivative works, promoted, displayed and commercially exploited Plaintiff, Estudio Hacedor's copyright Architectural works and technical drawings as registered in certificates: VA Certificate No.2-277-706 ("Baskin Robbins Doramar"/Architectural work) and VA Certificate No.2-277-709("Baskin Robbins Doramar"/Technical Drawing) in violation to provisions of the Copyright Act. As such, Defendants willfully infringed upon Plaintiff's, Estudio Hacedor's copyrights hence Defendants are liable for all statutory and/or actual damages suffered by the Plaintiff, Estudio Hacedor.

46. Corporate Officer Liability: Defendants, Juan Antonio Larrea, Carlos Gautier, Rafael Pagán González and their respective conjugal partnerships established with their wives, as

directors of the corporations, Island Creamery, Gautier Y De Torres, Caribbean Display And Construction, Inc., for having directed and participated in the infringing activities and intentional and negligent acts, are also liable and responsible for all acts of infringement alleged herein in this complaint.

47. As such, plaintiff, Estudio Hacedor, due to all of defendant's willful acts infringement of its exclusive rights, is entitled to recover statutory and/or or actual damages from all defendants, for each act of infringement to its copyrights and, costs, and attorneys' fees in an amount not less than two million dollars ($2,000,000).

48. Injunctive Relief: Since Estudio Hacedor is suffering irreparable harm due to Defendants' infringements; is likely to prevail on the merits; and the balance the equities and public favor Estudio Hacedor, this Court should enjoin Defendants from continuing to infringe.

## IX. JURY DEMAND

49. The plaintiff, EstudioHacedor, PSC d/b/a "HACEDOR;MAKER/Arquitectos", very respectfully requests a jury trial.

## X. PRAYER

**WHEREFORE,** it is respectfully requested that this Honorable Court, for the above stated reasons, plaintiffs, EstudioHacedor, PSC d/b/a "HACEDOR;MAKER/Arquitectos", asks for judgment against all the defendants, Juan Antonio Larrea, Carlos Gautier, Rafael Pagan Gonzalez and their respective conjugal partnerships established with their wives Island Creamery, Gautier Y De Torres, Caribbean Display And Construction, Inc. for the aforementioned sums, plus prejudgment and post judgment interest; costs of suit; attorneys' fees; injunctive relief; and all other relief the court deems proper.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico on May 19, 2022.

S/Jane Becker Whitaker/
**JANE BECKER WHITAKER**
USDC No. 205110

PO Box 9023914
San Juan, PR 00902-3914
Tel.(787) 585-3824
E-mail: jbw@beckervissepo.com
janebeckerwhitaker@gmail.com


S/Jean Paul Vissepó Garriga/
**JEAN PAUL VISSEPÓ GARRIGA**
USDC No. 221504

PO Box 367116
San Juan, PR 00936-7116
Tel.(787) 633-9601 / E-mail: jp@vissepolaw.com