IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ESTUDIOHACEDOR, PSC d/b/a "HACEDOR /MAKER ARQUITECTOS," <br><br> Plaintiff, <br><br> v. <br><br> JUAN ANTONIO LARREA and the conjugal partnership established with his wife Jane Doe; ISLAND CREAMERY, Inc.; CARLOS GAUTIER and the conjugal partnership established with his wife Susan Roe; GDT, LLC; CARIBBEAN DISPLAY AND CONSTRUCTION INC.; RAFAEL PAGÁN GONZÁLEZ; Companies A, B & C; Insurance Companies X, Y & Z; William Doe and May Doe, <br><br> Defendants. | Case No. 3:22-cv-01233 <br><br> Copyright Infringement |

**MOTION TO DISMISS COMPLAINT AS TO
THE LARREA DEFENDANTS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND
JOINDER TO MOTION TO DISMISS BY ISLAND CREAMERY, INC. DOCKET NO. 5**

**TO THE HONORABLE COURT:**

**COME NOW** co-defendants, Mr. Juan Antonio Larrea ("Mr. Larrea"), in his personal capacity and as a representative of his conjugal partnership with his wife, Jane Doe, and Jane Doe, as a representative of her conjugal partnership with her husband, Mr. Juan Antonio Larrea (collectively, the "Larrea Defendants"), through their counsel, and respectfully move to dismiss the *Complaint* against them pursuant to Fed. R. Civ. P. 12(b)(6) as follows:

I. **INTRODUCTION**

Estudio Hacedor, P.S.C. ("Plaintiff"), a disgruntled professional firm that was terminated by Island Creamery, Inc. ("Island Creamery"), commenced this action for copyright infringement.

Island Creamery filed a *Motion to Dismiss* on June 9, 2022 (Docket No. 5) for Plaintiff's failure to join an indispensable party under Fed. R. Civ. P. 12(b)(7). The Larrea Defendants join and incorporate Docket No. 5 by reference as if fully set forth herein.

In addition to the grounds for dismissal set forth in Docket No. 5, Mr. Larrea and the Larrea Defendants have additional and independent grounds to move for dismissal of the claims asserted against them in the *Complaint*. The *Complaint* is devoid of *any* of the requisite and bare minimum factual allegations needed to plausibly plead a claim for direct or secondary copyright infringement against them. Rather, the claims asserted against the Larrea Defendants insufficiently rest on three words and a less-than-handful set of conclusory allegations that completely fail to state a claim for relief against the Larrea Defendants.

The *Complaint* fails to state a claim for direct copyright infringement against the Larrea Defendants because the *Complaint* does not allege any plausible fact to establish that Mr. Larrea personally *copied, constructed copies, or even contracted a third party to copy* any of the alleged copyrighted work. The *Complaint* also fails to state a claim for secondary infringement because it is devoid of a single fact to establish what Mr. Larrea's actual role may have been, if any, in the construction process of the allegedly infringing stores. The allegations in the *Complaint* directed towards the Larrea Defendants are limited to three conclusory words comprising the phase: "in conjunction with." This phrase evidently lacks any factual underpinnings and does not meet the plausibility standard required for the *Complaint* to state a claim for direct or secondary copyright infringement against the Larrea Defendants.

The same factually-devoid and illusory allegations require the *Complaint* be dismissed as to the Larrea Defendants to the extent Plaintiff is attempting to circumvent the clear distinction between a corporation's separate and independent legal personality and its officers under an baseless "corporate officer liability" theory. A corporate officer –absent extraordinary

circumstances not alleged in this case– is not liable for the alleged actions of a corporation. Therefore, the *Complaint* does not set forth a plausible copyright infringement claim against the Larrea Defendants, much less warrants imposing liability on Mr. Larrea as corporate officer.

For the foregoing reasons, as further detailed below, the *Complaint* fails to state a plausible claim for relief against the Larrea Defendants and must therefore be dismissed forthwith.

## II.   STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must include factual allegations that, when taken as true, demonstrate a plausible claim to relief even if actual proof of the facts is improbable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-58 (2007). While "not equivalent to a probability requirement, the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." *Boroian v. Mueller*, 616 F.3d 60, 65 (1st Cir. 2010) (citations omitted). If the well-pleaded facts do not allow a "court to infer more than the mere possibility of misconduct, the complaint . . . has not shown [] that the pleader is entitled to relief." *Feliciano-Hernández v. Pereira-Castillo*, 663 F.3d 527, 533 (1st Cir. 2011) (citations omitted).

While a court must accept the facts alleged in the complaint for purposes of a Rule 12(b)(6) motion, "conclusory allegations" need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts will not accept conclusory allegations regarding "the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened." *Martínez-Machicote v. Ramos-Rodríguez*, 553 F. Supp. 2d 45, 49 (D.P.R. 2007) (citations omitted). Courts accept all well-pleaded factual allegations as true and indulge all reasonable inferences in plaintiff's favor, but they need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F3d 1, 3 (1st Cir. 1996); *Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006).

### III. WELL-ALLEGED FACTS DEEMED TRUE FOR PURPOSES OF THIS MOTION[1]

As to Mr. Larrea, the *Complaint* alleges that South American Restaurants, Corp. ("<u>SARCO</u>"), an affiliate of defendant Island Creamery, *presided by Defendant Larrea*, contracted Plaintiff for the styling and design of its commercial office space in Guaynabo, Puerto Rico. *Complaint*, ¶ 14 (emphasis added). It then alleges that SARCO, *supposedly through Mr. Larrea*, proceeded to hire Plaintiff to do some work in its corporate offices. *Complaint*, ¶ 15 (emphasis added). The style and design plans created by Plaintiff for the office space in Guaynabo was allegedly implemented by SARCO/*Mr. Larrea*. *Complaint*, ¶ 16 (emphasis added). However, none of these facts bear any relevance to the claims asserted against the Larrea Defendants.

The *Complaint* also avers that, on or about May 2016, Island Creamery –a SARCO related entity– allegedly engaged Plaintiff verbally for the implementation of certain styling for its Baskin-Robbins® ice cream stores in Puerto Rico. *Complaint*, ¶ 19. Plaintiff claims copyright ownership of certain "works" associated with the world-famous Baskin-Robbins® image, "including but not limited to the lighting, colors, materials, furniture, lamps and overall concept and feel." *See*, *Complaint*, ¶¶ 21-23. After Island Creamery terminated Plaintiff's services for new projects and over two years after Plaintiff's completion of the Baskin Robbins projects for San Patricio and Doramar for which it was engaged by Island Creamery, Plaintiff alleges to have learned that Island Creamery had constructed other stores (including one from which Plaintiff was terminated) which it claims are similar to its purportedly copyrighted designs. *Complaint*, ¶ 25.

---

[1] The following facts are accepted as true solely for purposes of this motion to dismiss under Fed. R. Civ. P. 12(b)(6) and, in the unlikely event the instant request for dismissal is denied, the Larrea Defendants reserve all rights to dispute the factual allegations set forth in the *Complaint*.

4

Without any explanations whatsoever as to what his supposed role was in such construction other than being SARCO's president, Plaintiff then conclusively alleges that this construction was completed "in conjunction with," among others, defendant Mr. Larrea. *Id.*

IV. **DISCUSSION**

    A. **The *Complaint* Lacks Factual Allegations to Support a *Direct* Copyright Infringement Claim Against Mr. Larrea.**

Plaintiff's claim against Mr. Larrea is based on the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* The Copyright Act protects original works of authorship fixed in tangible mediums of expression and provides remedies for infringement. *Id.*, §§ 102, 106, 504. But Plaintiff's attempt to draw the Larrea Defendants into this litigation fails because the *Complaint* does not state a plausible claim for relief against Mr. Larrea for *direct* copyright infringement.

To establish a valid copyright infringement claim, plaintiff must allege ownership of a valid copyright and an unauthorized copying. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991). Yet Mr. Larrea is neither an architect, nor a builder—and Plaintiff alleges no plausible fact to establish that Mr. Larrea personally **copied, constructed copies, or even contracted a third party to copy** any of the alleged copyrighted work. Therefore, the *Complaint* fails to satisfy the most basic pleading standards for a *direct* copyright infringement action.

In fact, Plaintiff's allegations against Mr. Larrea are limited to three conclusory words: "in conjunction with." This legally insufficient and conclusory allegation is devoid of any foundational factual allegation to underpin it. For this reason, and to the extent Plaintiff attempts to claim *direct* copyright infringement against Mr. Larrea, the *Complaint* must be dismissed as a matter of law.

    B. **The *Complaint* Lacks Factual Allegations to Support a *Secondary* Copyright Infringement Claim Against Mr. Larrea.**

Assuming *–in arguendo–* that *direct* infringement elements are adequately alleged as to the other defendants in this case, then *secondary* copyright infringement liability could be alleged by

asserting factual claims to show that a person "infringe[d] contributorily by intentionally inducing or encouraging direct infringement" or "infringe[d] vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). In general, "contributory liability is based on the defendant's failure to stop its own actions which facilitate third-party infringement, while vicarious liability is based on the defendant's failure to cause a third party to stop its directly infringing activities." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1175 (9th 2007).

Here, once again, the *Complaint* lacks any factual allegations whatsoever to support any potential *secondary* copyright infringement claim against Mr. Larrea or the Larrea Defendants. The *Complaint* has almost 50 allegations yet briefly mentions Mr. Larrea a meager nine times. And of those nine times the *Complaint* mentions Mr. Larrea, most of the allegations relate to: (i) his role as President to an affiliate of the named defendant, SARCO, and if read in light most favorable to Plaintiff, as a corporate officer of Island Creamery, and (ii) some unrelated and immaterial background and/or historical facts. *See Complaint*, ¶¶ 4, 14-16, 25, 46.

The only factual averment remotely related to an alleged secondary copyright infringement appears at paragraph 25 of the *Complaint*. There, Plaintiff attempts to plead that **Island Creamery allegedly built** several purportedly infringing Baskin Robbins' stores, "in conjunction with," among others, Mr. Larrea.[2] But this conclusory allegation by Plaintiff is legally insufficient, because Plaintiff has not plead a single fact to establish what Mr. Larrea's actual role may have been, if any, in the construction process of the allegedly infringing stores, much less any facts to establish that a secondary copyright infringement against Mr. Larrea is even plausible here.

---

[2] The *Complaint* also concludes that that Mr. Larrea is liable "for having directed and participated in the infringing activities and intentional and negligent acts," and "for all acts of infringement alleged [t]herein." *Complaint*, ¶ 46. But this is not a factual averment and, as discussed in more detail in the body of this motion, it is beyond peradventure that allegations merely parroting the legal elements of a claim are not considered when analyzing a complaint for purposes of its dismissal under Fed. R. Civ. P. 12(b)(6).

6

Every single Plaintiff allegation that mentions Mr. Larrea is either conclusory, defective, irrelevant, or immaterial to the gist of Plaintiff's copyright infringement claim against Mr. Larrea. Pleadings cannot be speculative or conclusory. Courts need not credit a complaint's bald assertions or legal conclusions. *See Iqbal*, 556 U.S. at 678; *Martínez-Machicote*, 553 F. Supp. 2d at 49; *Twombly*, 550 U.S. 544, 555 (2007) (noting that a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (cleaned up).

In fact, Plaintiff's conclusory and insufficient allegations against Mr. Larrea are strikingly similar to, *if not worse than*, plaintiffs' allegations in *Montalvo v. LT's Benjamin Records, Inc.*, 56 F.Supp.3d 121 (D.P.R. 2014). In *Montalvo*, plaintiffs attempted to draw several defendants into litigation based on a deficiently alleged secondary copyright infringement theory. The allegations at issue in *Montalvo* read as follows:

> Defendants . . . willfully, knowingly and intentionally induced, caused, encouraged and/or assisted various third parties, including, but not limited to, various radio and televisions stations, to broadcast, publicly perform and/or otherwise exploit the Infringing Musical Works . . . even though Defendants knew or should have known, that they did not have Plaintiffs' written authorization or written consent to reproduce, broadcast, publicly perform or otherwise exploit the Original Composition due to non-payment of royalties.
> . . . .
> . . . . Defendant and their employees, agents and representatives: (i) falsely indentified [*sic*] and designated a person or persons other than the Plaintiffs as the author, creator, performer, producer and or arranger of the Infringing Musical Works; (ii) manufactured, distributed, used, commercialized, sold and otherwise exploited the Infringing Musical Works; (iii) unlawfully profited from said exploitation of the Infringing Musical Works; and (iv) deprived Plaintiffs of substantial income directly or indirectly related to the exploitation of the Infringing Musical Works.
>
> Defendants and their employees, agents and representatives have the right and ability to manage, supervise and control the Infringing Musical Works and have a direct financial interest in the Infringing Musical Works.

*Id.* at 134-135.

In dismissing the secondary infringement claims, the U.S. District Court for the District of Puerto Rico opined that "[plaintiffs'] allegations merely recite[d] the elements of a contributory copyright infringement claim and thus fail[ed] to "nudge [the claim] across the line from conceivable to plausible." *Id.* at 134 (citing *Twombly,* 550 U.S. at 570). The Court also opined that "[t]he allegations [of vicarious copyright infringement] [were] deficient in regard to alleging how Defendants had the right to supervise the infringing activity and how Defendants had a direct financial interest in the exploitation of copyrighted materials". *Montalvo*, 56 F. Supp. 3d at 135. Therefore, the U.S. District Court dismissed plaintiffs' secondary infringement claims because they were essentially legal conclusions "couched as fact," "unsubstantiated and conclusory," and "devoid of any facts that support their mere recitation of the legal elements," thus "fail[ing] to allege a plausible entitlement for relief." *Id.* at 134-135.

Therefore, Plaintiff's attempt to claim *secondary* copyright infringement against the Larrea Defendants must fail and the *Complaint* must be dismissed.

### C. Mr. Larrea is Not Liable Under a So-Called "Corporate Officer Liability" Theory.

Finally, the *Complaint* appears to rest on the mistaken and misguided assumption that Mr. Larrea has "corporate officer liability" for the facts alleged by Plaintiff. *See Complaint*, ¶ 46. The *Complaint*, however, fails to aver factual allegations to support this baseless and inexistent claim against Mr. Larrea and the Larrea Defendants. As discussed above, the *Complaint* lacks any factual allegations against the Larrea Defendants and rests on three conclusory words –"in conjunction with"– that completely fail to state a claim for relief against the Larrea Defendants.

Further, there is a clear distinction between a corporation's separate and independent legal personality and its officers, and absent extraordinary circumstances, one is not liable for the alleged actions of the other. *See e.g.*, *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 907–08 (1st Cir.

1980). If this Court were to allow Plaintiff's claim against Mr. Larrea to succeed, it would amount to imposing liability, *per se*, on corporate officers every time a copyright infringement is claimed against a corporation. That cannot be. *See e.g.*, *Metro-Goldwyn-Mayer Studios Inc.*, 545 U.S. at 930 (restating the standard for secondary copyright infringement); *Colón v. Blades*, 757 F. Supp. 2d 107, 109 (D.P.R. 2010) (explaining that "officers . . . are generally not liable for the debts of the corporation," and, "[a]s a rule, this shield will almost never be dismantled") (citations omitted).

Based on the foregoing, to the extent Plaintiff attempts to claim a so-called "corporate officer liability" against Mr. Larrea and the Larrea Defendants, the *Complaint* must be dismissed as a matter of law.

## V.   CONCLUSION

Copyright law requires the dismissal of Plaintiff's claims against the Larrea Defendants. The *Complaint* fails to plausibly allege that Mr. Larrea "directly" "contributorily," or "vicariously" infringed Plaintiff's purported copyrights. The *Complaint*'s allegations against Mr. Larrea are not only thin, but legally insufficient, conclusory, and illusory, and completely run afoul the pleading standards set forth in *Twombly* and *Iqbal*.

Current pleading standards prevent Plaintiff from "proceed[ing] perforce" by "parrot[ing] the elements of [its] cause of action." *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citations omitted). As a result of Plaintiff's abysmal failure to satisfy the most basic pleading standards and include not one factual allegation in support of any plausible claim against Mr. Larrea, Plaintiff's *Complaint* fails to pass the muster of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and must be accordingly dismissed with prejudice as against the Larrea Defendants.

**WHEREFORE**, Mr. Juan Antonio Larrea and the conjugal partnership with his wife respectfully request that this Honorable Court dismiss with prejudice the *Complaint* against them,

and award him all reasonable costs and attorney's fees pursuant to 17 U.S.C. § 505, as well as any other relief to which they may be entitled.

Respectfully submitted in San Juan, Puerto Rico, June 17, 2022.

**WE HEREBY CERTIFY** that, on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the case participants appearing in the system.

O'NEILL & BORGES LLC
*Counsel for the Larrea Defendants*
250 Muñoz Rivera Ave., Suite 800
San Juan, Puerto Rico 00918-1813
Tel. (787) 764-8181
Fax. (787) 753-8944

| *s/Hermann D. Bauer* | *s/Jorge A. Candelaria Serrano* |
|---|---|
| Hermann D. Bauer | Jorge A. Candelaria Serrano |
| U.S.D.C. – PR No. 215205 | U.S.D.C. – PR No. 306004 |
| Hermann.bauer@oneillborges.com | jorge.candelaria@oneillborges.com |
| | |
| *s/Carla García Benítez* | *s/Alejandro A. Santiago-Martínez* |
| Carla García Benítez | Alejandro A. Santiago-Martínez |
| U.S.D.C. – PR No. 203708 | U.S.D.C. – P.R. No. 304002 |
| carla.garcia@oneillborges.com | alejandro.santiago@oneillborges.com |