**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ESTUDIOHACEDOR, PSC, d/b/a "HACEDOR/MAKER ARQUITECTOS," <br><br> Plaintiff, <br><br> v. <br><br> JUAN ANTONIO LARREA, *et al.* <br><br> Defendants. | Case No. 3:22-cv-01233 <br><br><br> Copyright Infringement |

## ANSWER TO AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** codefendants, Island Creamery, Inc. ("Island Creamery"); Mr. Juan Antonio Larrea ("Mr. Larrea"), in his personal capacity and as a representative of his conjugal partnership with his wife, Mrs. Jane Doe, and Mrs. Jane Doe, as a representative of her conjugal partnership with her husband, Mr. Juan Antonio Larrea (the "Larrea Defendants," and collectively with Island Creamery, "Defendants"), through the undersigned counsel, to answer the Amended Complaint (ECF No. 57) filed by EstudioHacedor, PSC ("Plaintiff").

To the extent that any allegation is not expressly admitted in this answer, including where lack of knowledge or information sufficient to form a belief is asserted, the allegation is denied.

## I.    NATURE OF ACTION

This paragraph of Amended Complaint the consists of legal conclusions and does not contain any factual allegations, for which reason a response is not required. To the extent a response is required, it is admitted that the Amended Complaint purports to assert a claim for copyright infringement, the validity of which Defendants deny.

## II.   JURISDICTION AND VENUE

1.     The allegations in the first paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, Defendants do not dispute that the U.S. District Court for the District of Puerto Rico has subject matter jurisdiction over valid claims under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. Defendants assert that this action is missing an indispensable party for the reasons set forth in the *Motions to Dismiss, Joinders* and *Reply* (ECF No. 5, ECF No. 18, ECF No. 19, ECF No. 28, ECF No. 63 & ECF No. 64).

2.     The allegations in the second paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, Defendants do not dispute that the U.S. District Court for the District of Puerto Rico is a proper venue under 28 U.S.C. § 1391.

## III.   PARTIES

3.     The allegations in the third paragraph of the Amended Complaint are admitted solely as to the fact that EstudioHacedor, PSC, is a professional services corporation registered in the Puerto Rico Department of State with registration number 310567, designated office at Calle Condado #68, Edif. Galería del Condado Suite 3, San Juan, Puerto Rico 00907, and telephone number 787-725-2521. The remaining allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.

4.     The allegations in the fourth paragraph of the Amended Complaint are admitted solely as to the facts that Mr. Larrea has a conjugal partnership with his wife and is a resident of Puerto Rico of legal age. The remaining allegations consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is

required, the remaining allegations are denied.

5. The allegations in the fifth paragraph of the Amended Complaint are admitted.

6. The allegations in the sixth paragraph are admitted solely as to the fact that Mr. Gautier is of legal age. The allegations as to Mr. Gautier's marital status and residence are denied for lack of information sufficient to form a belief. The remaining allegations consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the remaining allegations are denied.

7. The allegations in the seventh paragraph of the Amended Complaint are admitted solely as to the fact that GDT LLC is a limited liability company registered in the Puerto Rico Department of State with registration number 349088 and designated office at Calle Georgetti 1403, Santurce, Puerto Rico 00910. The remaining allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.

8. The allegations in the eighth paragraph are admitted solely as to the fact that Mr. Pagán González is of legal age. The allegations as to Mr. Pagán's marital status and residence are denied for lack of information sufficient to form a belief. The remaining allegations consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the remaining allegations are denied.

9. The allegations in the ninth paragraph of the Amended Complaint are admitted solely as to the fact that Caribbean Display & Construction, Inc., is a corporation registered in the Puerto Rico Department of State with designated office at 453 Calle A Suite 3, Mario Julia Industrial Park, San Juan, Puerto Rico 00920. The remaining allegations consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the remaining allegations are denied.

10.     The allegations in the tenth paragraph of the Amended Complaint are denied.

11.     The allegations in the eleventh paragraph of the Amended Complaint are denied.

12.     The allegations in the twelfth paragraph of the Amended Complaint are denied.

## IV.   FACTUAL ALLEGATIONS

13.     The allegations in the thirteenth paragraph of the Amended Complaint are admitted solely to the extent that Plaintiff has rendered, among other services, limited design services to Island Creamery. The remaining allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.

14.     Defendants admit that defendant Mr. Larrea is the President of South American Restaurants Corp. ("SARCo") and of Island Creamery, and that SARCo is a related entity of defendant Island Creamery. The remaining allegations in the fourteenth paragraph of the Amended Complaint are denied. It is affirmatively alleged that SARCO retained Plaintiff, among other professionals, to assist in the design and construction of certain office space used by, among other tenants, Island Creamery.

15.     The allegations in the fifteenth paragraph of the Amended Complaint are denied. It is affirmatively alleged that SARCo retained Plaintiff, among other professionals, to assist in the design and construction of certain office space used, by among other tenants, Island Creamery.

16.     The allegations in the sixteenth paragraph of the Amended Complaint are denied. It is affirmatively alleged that SARCo retained Plaintiff, among other professionals, to assist in the design and construction of certain office space used, by among other tenants, Island Creamery.

17.     The allegations in the seventeenth paragraph of the Amended Complaint are denied for lack of information sufficient to form a belief as to the truth of the allegations.

18.     The allegations in the eighteenth paragraph of the Amended Complaint are admitted

solely as to the facts that Island Creamery has been the exclusive franchisee for the world-famous Baskin-Robbins® franchise for Puerto Rico since 2016, and that Plaintiff submitted various proposals to Island Creamery for professional services to adapt the Baskin-Robbins® franchise standards and requirements for Baskin-Robbins® retail sales locations in Puerto Rico. The remaining allegations are denied.

19.     The allegations in the nineteenth paragraph of the Amended Complaint are denied. It is affirmatively alleged that Island Creamery contracted Plaintiff to provide professional services on an individual per project basis between 2016 and 2019, directed to implement and, to the extent needed, use and/or adapt Baskin-Robbins® franchisor's proprietary and iconic concepts and trade dress for the Puerto Rico locations to comply with local demands, rules, and regulations in Puerto Rico. It is further alleged that the economic terms for each individual project agreement are reflected in communications between Plaintiff and Island Creamery and, at the outset of the first individual engagement, Island Creamery shared information with Plaintiff's principal about the Baskin-Robbins® system's intellectual property, standards, and manuals, including architectural plans and interior and exterior designs.

20.     The allegations in the twentieth paragraph of the Amended Complaint are denied. It is affirmatively alleged that Island Creamery arranged for Plaintiff's principal to accompany Island Creamery representatives to California to meet with the Baskin-Robbins® franchisor for, among other things, various presentations and site visits, in order to educate Plaintiff's principal on the design concepts and requirements of the Baskin-Robbins® franchisor's system, provide access to Plaintiff to the Baskin-Robbins® franchisor's intellectual property, and expose Plaintiff to the Baskin-Robbins® system and standards established by the Baskin-Robbins® franchisor.

21.     The allegations in the twenty-first paragraph of the Amended Complaint are denied.

It is affirmatively alleged that Plaintiff, along with other professionals, collaborated in the production of drawings and other materials adapting the world-famous Baskin-Robbins® requirements, system, and standards to certain specific sites in Puerto Rico. It is further alleged that the lighting, colors, materials, furniture, lamps, and overall concept and feel of the world-famous Baskin Robbins® franchise are the intellectual property of the Baskin-Robbins® franchisor.

22. The allegations in twenty-second paragraph of the Amended Complaint do not require a responsive allegation because they purport to describe documents that are self-evident and/or documents not sufficiently referred to in the Amended Complaint. To the extent a response is required, it is only admitted that some of the technical documents provided by Plaintiff to Island Creamery contain notes, including some that may purport to assert copyrights; but to the extent that the allegations purport to characterize whether Plaintiff owns a valid copyright or copyright registration, the scope or nature of that ownership, copyright or copyright registration, and/or the contents or legal protection of the allegedly copyrighted work, the characterization is denied. To the extent a response is required to the remaining allegations, the remaining allegations are denied. It is affirmatively alleged that documents of the Baskin-Robbins® franchisor contain provisions and/or notes relating to its intellectual property.

23. The allegations contained in the twenty-third paragraph of the Amended Complaint are denied. It is affirmatively alleged that, during the term of Plaintiff's engagement for the work related to the Baskin-Robbins® retail sales locations in the San Patricio area of Guaynabo (the "San Patricio Site") and the Baskin-Robbins® retail sales location in the Doramar shopping area in Dorado (the "Doramar Site"), Island Creamery identified a site for the construction of a new Baskin-Robbins® retail sales location in Hatillo (the "Hatillo Site"), in which Plaintiff was initially

involved. Plaintiff's deficient performance and ill-responsiveness compelled Island Creamery to discontinue Plaintiff's architectural services for new sites, including the Hatillo Site, on or about the last quarter of 2018. It is further alleged that, because of Plaintiff's deficient performance Island Creamery retained a new architect for the provision of services for new Baskin-Robbins® retail sales locations, including the Hatillo Site which construction was completed in accordance with the Baskin-Robbins® system on or about October 2019. During the construction of the Hatillo Site, Plaintiff continued rendering services to Island Creamery related to the Doramar Site, which was completed on or about March 2019, and the San Patricio Site, which was completed on or about November 2019. Plaintiff was fully aware of the construction of the Hatillo Site in accordance with the Baskin-Robbins® system.

24. The allegations contained in the twenty-fourth paragraph of the Amended Complaint are admitted to the extent that Island Creamery fully paid Plaintiff for any work done on its behalf. It is affirmatively alleged that Plaintiff's deficient performance resulted in Island Creamery terminating Plaintiff from further work on the Hatillo Site and not referring new work to Plaintiff after it concluded work on the Doramar Site, which was completed on or about March 2019, and the San Patricio Site, which was completed on or about November 2019. The remaining allegations are denied.

25. The allegations paragraph contained in the twenty-fifth paragraph of the Amended Complaint are admitted to the extent that, unbeknownst to Island Creamery or the Baskin-Robbins® franchisor, Plaintiff unilaterally applied for registration of certain materials in the U.S. Copyright Office. The registration and materials were identified with the Baskin-Robbins® trademarked name and included the Baskin-Robbins® franchisor's intellectual property (such as the proprietary marks, distinctive exterior and interior design, decor, color, identification schemes,

and furnishings). As a result of its unilateral application, Plaintiff obtained two certificates of registration identified as VA0002277706 and VA0002277709 (the "<u>Registrations</u>"), in anticipation of litigation approximately three (3) years after the completion of the Baskin-Robbins® retail sales location in the Doramar Site, and after Island Creamery had commenced, substantially completed, and/or completed the construction of several other Baskin-Robbins® sites in Puerto Rico following the Baskin-Robbins® franchisor's licensed intellectual property, specifications, requirements, and standards, and the Baskin-Robbins® system, including the San Patricio and Hatillo Sites. To the extent that these allegations purport to characterize whether Plaintiff owns a valid copyright or copyright registration, the scope or nature of that ownership, copyright or copyright registration, and/or the contents or legal protection of the allegedly copyrighted work, the characterization is denied. The remaining allegations are denied.

26.     The allegations in the twenty-sixth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied. To the extent that the allegations purport to characterize whether Plaintiff owns a valid copyright or copyright registration, the scope or nature of that ownership, copyright or copyright registration, and/or the contents or legal protection of the allegedly copyrighted work, the characterization is denied.

27.     The allegations in the twenty-seventh paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied. To the extent that the allegations purport to characterize whether Plaintiff owns a valid copyright or copyright registration, the scope or nature of that ownership, copyright or copyright registration, and/or the contents or legal protection of the allegedly copyrighted work, the characterization is denied.

28.     The allegations in the twenty-eighth paragraph of in the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent that the allegations purport to characterize whether Plaintiff owns a valid copyright or copyright registration, the scope or nature of that ownership, copyright or copyright registration, and/or the contents or legal protection of the allegedly copyrighted work, the characterization is denied. To the extent a response is required, Defendants deny that any such assignment or transfer of rights was legally required.

29.     The allegations in the twenty-ninth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

30.     The allegations in the thirtieth paragraph of the Amended Complaint are denied.

31.     The allegations in the thirty-first paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

32.     The allegations in the thirty-second paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent that the allegations purport to characterize whether Plaintiff owns a valid copyright or copyright registration, the scope or nature of that ownership, copyright or copyright registration, and/or the contents or legal protection of the allegedly copyrighted work, the characterization is denied. To the extent a response is required, the allegations are denied.

33.     The allegations in the thirty-third paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

34. The allegations in the thirty-fourth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

35. The allegations in the thirty-fifth paragraph of the Amended Complaint do not require a responsive allegation because they purport to describe documents that are self-evident and/or documents not sufficiently referred to in the Amended Complaint. To the extent a response is required, the allegations are admitted solely as to the facts that Plaintiff's principal sent a communication to Island Creamery in August 2021, which is self-explanatory, and that, by December 2021, Plaintiff escalated his claim, to allege, via counsel, that Island Creamery and others purportedly infringed the works supposedly covered by the Registrations. To the extent that the allegations purport to characterize whether Plaintiff owns a valid copyright or copyright registration, the scope or nature of that ownership, copyright or copyright registration, and/or the contents or legal protection of the allegedly copyrighted work, the characterization is denied.

36. The allegations in the thirty-sixth paragraph of the Amended Complaint do not require a responsive allegation because they purport to describe documents that are self-evident. To the extent a response is required, it is admitted that the second and third column of photographs set forth in this paragraph correspond to the Island Creamery Baskin-Robbins® retail sales locations at Hatillo and Montehiedra. The remaining allegations in this paragraph are denied. To the extent that the allegations purport to characterize whether Plaintiff owns a valid copyright or copyright registration, the scope or nature of that ownership, copyright or copyright registration, and/or the contents or legal protection of the allegedly copyrighted work, the characterization is denied. It is affirmatively alleged Plaintiff and Plaintiff's principal and other representatives had access, relied, and reviewed the materials provided by the Baskin-Robbins® franchisor and

licensed to Island Creamery, including photos of a recently constructed Baskin-Robbins® retail sales location, a copyrighted design depicted at page 20 of the SDA Orientation Meeting presentation and other Baskin-Robbins® franchisor technical requirements, *Motion to Dismiss*, at 13, Exhibits 5-7. It is further alleged that the Baskin-Robbins® retail sales location at the Doramar Site is derived and/or based in whole, or in part, on the Baskin-Robbins® franchisor's intellectual property, including the following, which was adapted to the existing structure of the San Patricio Site (first site for which the Plaintiff was contracted by Island Creamery):



Moreover, the Baskin-Robbins® retail sales location at the Doramar Site includes the distinctive exterior and interior design, decor, color, identification schemes, and furnishings required by the Baskin-Robbins® franchisor, as per Baskin-Robbins® franchisor's system.

37.     The allegations in the thirty-seventh paragraph of the Amended Complaint are admitted solely as to the fact that Island Creamery responded to Plaintiff's claims in communications that are self-explanatory and that, unbeknownst to Island Creamery or the Baskin-Robbins® franchisor, Plaintiff unilaterally applied for registration of certain materials in the U.S. Copyright Office identified with the Baskin-Robbins® trademarked name and including Baskin-Robbins® franchisor's intellectual property (such as the proprietary marks, distinctive exterior and interior design, decor, color, identification schemes, and furnishings), and subsequently obtained the Registrations in anticipation of litigation approximately three (3) years after the completion of

the Baskin-Robbins® retail sales location in the Doramar Site and after Island Creamery had commenced, substantially completed, and/or completed the construction of several other Baskin-Robbins® sites in Puerto Rico following the Baskin-Robbins® franchisor's licensed intellectual property, specifications and standards, and the Baskin-Robbins® system, including the San Patricio and Hatillo Sites. To the extent that the allegations purport to characterize whether Plaintiff owns a valid copyright or copyright registration, the scope or nature of that ownership, copyright or copyright registration, and/or the contents or legal protection of the allegedly copyrighted work, the characterization is denied. The remaining allegations are denied.

38.     The allegations in the thirty eight paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

39.     The allegations in the thirty-ninth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

40.     The allegations in the fortieth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

41.     The allegations in the forty-first paragraph numbered of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, Defendants admit that Island Creamery has a Baskin-Robbins® retail sales location in Hato Rey, Puerto Rico. The remaining allegations in this paragraph are denied. It is affirmatively alleged that Plaintiff's deficient performance resulted in Island Creamery terminating Plaintiff from further work and not referring new work to Plaintiff

after it concluded work on the Doramar Site and the San Patricio Site. Island Creamery engaged in the construction of several other Baskin-Robbins® sites in Puerto Rico following the Baskin-Robbins® franchisor's licensed intellectual property, requirements, specifications and standards, and the Baskin-Robbins® system.

42. The allegations in the forty-second paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied. It is affirmatively alleged that Plaintiff does not have a claim over Baskin-Robbins® retail sales locations that as, of the date of the filing of the Amended Complaint, were not constructed.

43. As to the allegations in paragraph forty-three of the Complaint, Defendants admit that any permit requests for new Baskin-Robbins® store locations that have yet to be constructed name or will name Island Creamery as the owner and some of which may identify GDT, LLC as the designer, but affirmatively allege that such permits are irrelevant to Plaintiff's copyright infringement claims. The remaining allegations in this paragraph are denied. It is affirmatively alleged that Plaintiff's deficient performance resulted in Island Creamery terminating Plaintiff from further work and not referring new work to Plaintiff after it concluded work on the Doramar Site and the San Patricio Site. Island Creamery engaged in the construction of several other Baskin-Robbins® sites in Puerto Rico following the Baskin-Robbins® franchisor's licensed intellectual property, requirements, specifications and standards, and the Baskin-Robbins® system.

44. The allegations in the forty-fourth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied. It is affirmatively alleged that Plaintiff does not have a claim over Baskin-Robbins® retail sales locations based on the

speculative and baseless allegation in that Defendants supposedly "intend to continue to infringe and construct the planned 21 restaurants with Plaintiff's copyrighted design." It is further alleged that the next generation for the Baskin-Robbins® image and system is currently being updated for use in future retail sales locations, and new trademarks, trade dress and other intellectual property are being developed and registered on behalf of the Baskin-Robbins® franchisor, such as the following:



45.     The allegations in the forty-fifth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied. It is affirmatively alleged that Plaintiff does not have a claim over Baskin-Robbins® retail sales locations based on the speculative and baseless allegation in that Defendants supposedly "intend to continue to infringe and construct the planned 21 restaurants with Plaintiff's copyrighted design." It is further alleged that the next generation for the Baskin-Robbins® image and system is currently being updated for use in future retail sales locations, and new trademarks, trade dress and other intellectual property are being developed and registered on behalf of the Baskin-Robbins® franchisor, such as the following:



46.     The allegations in the forty-sixth paragraph of the Amended Complaint consist of

legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied. It is affirmatively alleged that Island Creamery has been the exclusive franchisee for the Baskin-Robbins® franchise for Puerto Rico since 2016, and Island Creamery does not conduct business and/or is not a Baskin-Robbins® franchisee outside of the jurisdiction of Puerto Rico.  It is further affirmatively alleged that, to the extent Plaintiff is asserting claims against the Baskin-Robbins® franchisor, an indispensable party is missing in this case. Defendants incorporate by reference the indispensable party defense raised in their *Motions to Dismiss* and *Replies* (ECF No. 5, ECF No. 18, ECF No. 19 [order grating joinder], ECF No. 28, ECF No. 32).

47.     The allegations in the forty-seventh paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

48.     The allegations in the forty-eight paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

49.     The allegations in the forty-ninth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.

50.     The allegations in the fiftieth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

51.     The allegations in the fifty-first paragraph of the Amended Complaint consist of

legal conclusions and do not contain any factual allegations, for which reason a response is not required. Moreover, the allegations purport to describe documents that are self-evident and/or documents not sufficiently referred to in the Amended Complaint. To the extent a response is required, the allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.

52.     The allegations in the fifty-second paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.

53.     The allegations in the fifty-third paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

54.     The allegations in the fifty-fourth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

55.     The allegations in the fifty-fifth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

### V.     CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. §§ 101, *et seq.*

56.     The preceding responses to Plaintiff's allegations are incorporated by reference.

57.     The allegations in the fifty-seventh paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not

required. To the extent a response is required, the allegations are denied.

58.     The allegations in the fifty-eight paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

59.     The allegations in the fifty-ninth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

60.     The allegations in the sixtieth paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

61.     The allegations in the sixty-first paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

## VI.     JURY DEMAND

62.     The allegations in the sixty-second paragraph of the Amended Complaint consist of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, the allegations are denied.

## VII.     PRAYER

This paragraph of the Amended Complaint consists of legal conclusions and do not contain any factual allegations, for which reason a response is not required. To the extent a response is required, it is admitted that the Amended Complaint purports to assert a claim for copyright infringement, the validity of which Defendants deny. Defendants deny that Plaintiff is entitled to

any of the requested relief, and further deny that Defendants have engaged in any infringing or otherwise unlawful conduct.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the Amended Complaint and reserve the right to modify and/or assert additional affirmative defenses based on information that may be revealed via discovery and other proceedings in connection with this litigation.

1. Defendants incorporate by reference all averments and denials in the preceding paragraphs and make them part of these affirmative defenses.

2. Defendants incorporate by reference every defense raised in their *Motions to Dismiss* and *Replies* (ECF No. 5, ECF No. 18, ECF No. 19 [order grating joinder], ECF No. 28, ECF No. 32, ECF No. 63 & ECF No. 64).

3. Defendants deny that Plaintiff is entitled to any of the requested relief, and further deny that Defendants have engaged in any infringing or otherwise unlawful conduct.

4. The Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

5. The Amended Complaint should be dismissed for failure to raise specific allegations.

6. Plaintiff lacks standing to pursue the claims set forth in the Amended Complaint.

7. Plaintiff failed to join an indispensable party.

8. Plaintiff does not have a valid cause of action under the Copyright Act, as amended.

9. Assuming for the sake of argument that Plaintiff has a valid cause of action under the Copyright Act, as amended, which is denied, Plaintiff's recoverable damages would be limited to, at most, $13,290 as damages per each Baskin-Robbins® retail sales location it alleges was

supposedly "copied," as admitted by Plaintiff's in its own written representations of August 26, 2022.

10.     Assuming for the sake of argument that Plaintiff has a valid cause of action under the Copyright Act, as amended, which is denied, Plaintiff's recoverable damages would not include damages over Baskin-Robbins® retail sales locations that as, of the date of the filing of the Amended Complaint, were not constructed.

11.     Assuming for the sake of argument that Plaintiff has a valid cause of action under the Copyright Act, as amended, which is denied, Plaintiff's recoverable damages would not include damages based on the speculative and baseless allegation in the thirty-third paragraph of the Amended Complaint that Defendants supposedly "intend to continue to infringe and construct the planned 21 restaurants with Plaintiff's copyrighted design."

12.     Assuming for the sake of argument that Plaintiff has a valid cause of action under the Copyright Act, as amended, which is denied, Plaintiff's recoverable damages would not include profits that are not attributable to an infringement under the Copyright Act, 17 U.S.C. § 504, including, without limitation, damages "based on the profits generated at the restaurants that have opened so far" as alleged in the forty-first paragraph of the Amended Complaint, to which, in any event, Plaintiff would have never have the rights to obtain under any plausible scenario.

13.     Assuming for the sake of argument that Plaintiff has a valid cause of action under the Copyright Act, as amended, which is denied, Plaintiff is not entitled to recover any of Defendants' profits under the Copyright Act, 17 U.S.C. § 504, as Defendants cannot be deemed to be direct infringers of Plaintiff's copyrighted works.

14.     The Registrations purportedly covering the allegedly copyrighted work were issued after the alleged yet denied copyright infringement supposedly occurred, and, therefore, assuming

for the sake of argument that Plaintiff has a valid cause of action under the Copyright Act, as amended, which is denied, Plaintiff would not be entitled to statutory damages and/or attorney's fees under the Copyright Act, 17 U.S.C. §§ 412 & 504, and/or any other applicable law or regulation.

15.     Regardless of the date in which the Registrations purportedly covering the allegedly copyrighted work were issued or the alleged yet denied copyright infringement supposedly occurred, and assuming for the sake of argument that Plaintiff has a valid cause of action under the Copyright Act, as amended, which is denied, Plaintiff would not be entitled to statutory damages and/or attorney's fees under the Copyright Act, 17 U.S.C. §§ 412 & 504, and/or any other applicable law or regulation.

16.     The Amended Complaint is barred, in whole or in part, by the Copyright Act's three-year statute of limitations, and/or any other applicable statute of limitations or limitations period.

17.     Plaintiff's alleged copyrights, if any, are inexistent, void, and/or invalid.

18.     Plaintiff's copyright registration certificates, issued by the U.S. Copyright Office, are defective, invalid, and/or contain information that is inaccurate or incorrect.

19.     Plaintiff's copyright registration certificates, issued by the U.S. Copyright Office, do not cover, or correspond to, Plaintiff's allegedly copyrighted work and are ineffective or insufficient to sustain Plaintiff's copyright infringement claims.

20.     Plaintiff's allegedly copyrighted work, which Plaintiff alleges was infringed, is unregistered with the U.S. Copyright Office.

21.     Plaintiff's allegedly copyrighted work was unpublished and/or unregistered with the U.S. Copyright Office at the time of the alleged copyright infringement.

22.     Plaintiff is not the author of the allegedly copyrighted work and/or lacks copyrights over the allegedly copyrighted work.

23.     Plaintiff's allegedly copyrighted work is derived and/or based in whole, or in part, on the Baskin-Robbins® franchisor's intellectual property and/or other preexisting works and/or materials.

24.     Plaintiff and Plaintiff's principal and other representatives had access, relied, and reviewed the materials provided by the Baskin-Robbins® franchisor and licensed to Island Creamery, including, without limitation, photos of a recently constructed Baskin-Robbins® retail sales location, a copyrighted design depicted at page 20 of the SDA Orientation Meeting presentation and other Baskin-Robbins® franchisor technical requirements, *Motion to Dismiss*, at 13, Exhibits 5-7.

25.     Plaintiff is not the assignee of the copyrights over the allegedly copyrighted work and, as a result, lacks the right to pursue the copyright infringement claims in the Amended Complaint.

26.     If Plaintiff is found to be the author of the allegedly copyrighted work, Plaintiff would be a co-author and/or joint author, and, as a result, Plaintiff would not have, by itself, the right to pursue the copyright infringement claims in the Amended Complaint.

27.     If Plaintiff's alleged copyrights were found to be valid, Plaintiff would be entitled to copyright only over protectable material.

28.     Plaintiff's allegedly copyrighted work, in whole or in part, is non-copyrightable and/or falls beyond the subject matter of copyright protection.

29.     Plaintiff's allegedly copyrighted work, in whole or in part, is not original and/or lacks sufficient creativity to be considered original under copyright law.

30.     Plaintiff's allegedly copyrighted work, in whole or in part, is based on, or has entered, public domain.

31.     Plaintiff is not the author of the allegedly copyrighted work, in whole or in part, because the work was not made as "work for hire" under copyright law.

32.     Plaintiff's allegedly copyrighted work, in whole or in part, is non-copyrightable under the idea/expression dichotomy.

33.     Plaintiff's allegedly copyrighted work, in whole or in part, is a useful object and/or a pictorial, graphical or sculptural work that is unprotected or contains unprotected elements under copyright law.

34.     Plaintiff's allegedly copyrighted work consists of, or includes, functional aspects or elements over which there is no copyright protection, including, without limitation, elements that were dictated and/or required by the Baskin-Robbins® franchisor, the physical space and its limitations, the requirements of applicable construction codes, and/or the functional and practical necessities and requirements of the business and the Baskin-Robbins® retail sales locations and services, and other legal requirements.

35.     The Amended Complaint is barred, in whole or in part, because the work upon which Plaintiff brings its claims constitutes an unauthorized derivative (and, therefore, infringing) work and therefore is ineligible for copyright protection.

36.     The Amended Complaint is barred, in whole or in part, because Defendants engaged in no volitional conduct that could give rise to liability.

37.     The Amended Complaint is barred, in whole or in part, because Defendants and/or the Larrea Defendants neither had, no should have had, knowledge of the alleged infringing activities of the direct infringers.

38.     The Amended Complaint is barred, in whole or in part, because Defendants did not intentionally and willfully, manufacture, reproduced, distributed, displayed, exploit, or created derivative works of Plaintiff's alleged copyrighted work.

39.     The Amended Complaint is barred, in whole or in part, under the merger and/or *scène à faire* doctrines.

40.     The Amended Complaint is barred, in whole or in part, under the first sale doctrine.

41.     The Amended Complaint is barred, in whole or in part, under the substantial non-infringing use doctrine.

42.     The Amended Complaint is barred, in whole or in part, under the fair use doctrine.

43.     The Amended Complaint is barred, in whole or in part, under the copyright misuse doctrine.

44.     The Amended Complaint is barred, in whole or in part, under the copyright abandonment doctrine.

45.     The Amended Complaint is barred, in whole or in part, under the equitable doctrines of unclean hands, estoppel, waiver, and/or laches.

46.     The Amended Complaint is barred, in whole or in part, under *res judicata*, collateral estoppel, and/or claim preclusion.

47.     Defendants, at all relevant times, held an express and/or implicit, exclusive and/or non-exclusive, license to the allegedly copyrighted work and did not exceed authorized use.

48.     The Amended Complaint is barred, in whole or in part, by license, consent and/or acquiescence.

49.     Any similarities with regards to any ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries, between Plaintiff's allegedly copyrighted work

and Defendants' alleged infringing work, are not protected or redressable under copyright law.

50. Defendants' use of Plaintiff's allegedly copyrighted work, if any, does not amount to copyright infringement under copyright law.

51. Defendants' use of Plaintiff's allegedly copyrighted work, if any, is *de minimis* and does not amount to copyright infringement.

52. Defendants' use of Plaintiff's allegedly copyrighted work, if any, does not amount to willful copyright infringement.

53. Plaintiff is not entitled to damages under copyright law and/or any other applicable law or regulation.

54. Attorney's fees and recovery of full costs should be awarded to Defendants due to Plaintiff's frivolousness, motivation, and unreasonableness in filing the Amended Complaint, as set forth in the Copyright Act and/or any other applicable law, rule, or regulation.

55. Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff suffered no damages, and the alleged damages, if any, are baseless, remote, vague, uncertain, imaginary, speculative, unforeseeable, exaggerated or otherwise contrary to law.

56. Defendants did not cause injury to Plaintiff's business and/or reputation.

57. If Plaintiff suffered any damages, which Defendants deny, Plaintiff's damages are limited by Defendants' innocent intent.

58. If Plaintiff suffered any damages, which Defendants deny, the damages alleged in the Amended Complaint are due to Plaintiff's negligence and/or fault and are self-inflicted.

59. If Plaintiff suffered any damages, which Defendants deny, the damages alleged in the Amended Complaint were caused by third-parties unrelated to Defendants or while such third parties, although related to Defendants, were performing actions that did not benefit Defendants

or were unrelated to Defendants' instructions.

60.     Defendants have not copied, nor allowed any other party to copy, the alleged copyrighted work or any protected elements of the copyrighted work.

61.     Defendants' allegedly infringing work is not substantially similar to, and/or does not infringe upon, Plaintiff's allegedly copyrighted work.

62.     Defendants have not incurred in primary (or direct) and/or secondary (or indirect) copyright infringement (or liability).

63.     Defendants did not intentionally induce or encourage direct copyright infringement.

64.     Assuming for the sake of argument that Defendants have infringed any valid copyrights owned by Plaintiff, which is denied, Defendants did not profit from such direct infringement.

65.     Assuming for the sake of argument that Defendants have infringed any valid copyrights owned by Plaintiff, which is denied, Defendants did not have a right to stop or limit such infringement.

66.     Defendants have not reproduced Plaintiff's allegedly copyrighted work, prepared derivative works based upon it, distributed copies to the public, performed said work publicly, or displayed it publicly.

67.     Defendants' allegedly infringing work was independently created.

68.     Plaintiff is not entitled to injunctive or other equitable relief because, among other things, Plaintiff cannot show any ripe controversy that is the subject of injunction, any irreparable harm, that the balance of the hardships favors Plaintiff, that the public interest favors Plaintiff, or that any alleged injury could not be adequately redressed by a legal remedy.

69.     Plaintiff failed to mitigate any alleged damages.

70.     The Larrea Defendants' conduct, if any, was made, at all relevant times, in their official capacity, and not for their personal benefit.

71.     The Larrea Defendants are not personally liable, either directly or indirectly, for any conduct incurred while acting on behalf Island Creamery.

72.     The Amended Complaint is barred, in whole or in part, by the doctrine of release.

73.     The Amended Complaint is barred, in whole or in part, by payment.

74.     Plaintiff is not entitled to the remedies requested.

75.     Plaintiff is not entitled to prejudgment and post judgment interests.

76.     Plaintiff is not entitled to costs of suit.

77.     The Amended Complaint is barred, in whole or in part, because it was filed for an improper purpose and lacks a reasonable basis in fact.

78.     The Amended Complaint is barred, in whole or in part, because Plaintiff would be unjustly enriched if it prevailed.

79.     At all times, Defendants have acted diligently and in good faith.

***

Respectfully submitted in San Juan, Puerto Rico, on this 16th day of September 2022.

**WE HEREBY CERTIFY** that, on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the case participants appearing in the system.

**O'NEILL & BORGES LLC**
*Counsel for Island Creamery, Inc.,*
*and the Larrea Defendants*
250 Muñoz Rivera Ave., Suite 800
San Juan, Puerto Rico 00918-1813
Tel. (787) 764-8181 Fax. (787) 753-8944

| *s/Hermann D. Bauer* | *s/Carla García Benítez* |
|---|---|
| Hermann D. Bauer | Carla García Benítez |
| U.S.D.C. – PR No. 215205 | U.S.D.C. – PR No. 203708 |
| Hermann.bauer@oneillborges.com | carla.garcia@oneillborges.com |

*s/Jorge A. Candelaria Serrano*
Jorge A. Candelaria Serrano
U.S.D.C. – PR No. 306004
jorge.candelaria@oneillborges.com
