IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ESTUDIO HACEDOR, PSC, <br><br> Plaintiff, <br><br> v. <br><br> LARREA, et al., <br><br> Defendants. | CIVIL NO.: 22-1233 (FAB) |

**OPINION & ORDER**

Currently pending before the court is a "Motion to Quash Subpoena[s] and for Protective Order" by Co-Defendant Island Creamery, Inc. ("Island Creamery) (ECF No. 86) and a "Motion to Compel" by Plaintiff Estudio Hacedor, PSC ("Plaintiff") (ECF No. 88). Island Creamery filed its motion to quash on February 21, 2023 with regard to two subpoenas duces tecum served upon the Puerto Rico Municipalities of San Juan and Hatillo on January 30, 2023 which ordered said municipalities to produce to Plaintiff "[a]ll municipal tax returns [planillas de patente municipal] of Island Creamery, Inc." ECF Nos. 86-3, 86-4. Island Creamery argues that the tax returns from the municipalities of San Juan and Hatillo are irrelevant, privileged, trade secrets, and protected by Puerto Rico privacy law and that the subpoenas duces tecum constitute an untimely attempt to obtain written discovery. ECF No. 86 at 7, 8–11, 13–14. As such, Island Creamery requests that the subpoenas duces tecum be quashed or, alternatively, that the court issue a protective order to shield its tax returns from being subpoenaed. ECF No. 86 at 16. Rather than file a response in opposition to Island Creamery's motion to quash, on February 22, 2023, Plaintiff filed a motion to compel, requesting not only that the court order "the municipalities of San Juan and Hatillo to comply with the subpoenas served on them" but also requesting that the court compel Island

Creamery itself to produce its "tax returns" for not only the "municipalities" but also for the "central government" of the Commonwealth of Puerto Rico. ECF No. 88 at 5–6. Island Creamery filed a motion in opposition to Plaintiff's motion to compel. ECF No. 100. Also pending before the court is a motion by Plaintiff "For Extension of Time to Produce Expert Report" based on the court's ruling regarding the production of Island Creamery's tax records. ECF No. 106.

I. **ISLAND CREAMERY'S MOTION TO QUASH AND PLAINTIFF'S REQUEST TO COMPEL THE MUNICIPALITIES' COMPLIANCE WITH THE SUBPOENAS DUCES TECUM**

The parties' main point of contention regarding the subpoenas duces tecum is whether the municipal tax returns in the possession of the municipalities of San Juan and Hatillo are relevant, discoverable evidence under Federal Rule of Civil Procedure 26 for the calculation of damages. ECF No. 86 at 6–13; ECF No. 88 at 2–5. Island Creamery cites 17 U.S.C. § 504(b), which provides that a Plaintiff who suffers a copyright infringement

> is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue[.]

17 U.S.C. § 504(b). Island Creamery argues that its tax returns for the municipalities of San Juan and Hatillo are not relevant because any information regarding "gross revenues" contained within the tax returns are not "reasonably related to the infringement" because Island Creamery's profits, as the franchisee of Baskin Robbins ice cream restaurants in Puerto Rico, "are based on the sale of ice cream, ice cream, related products, and other miscellaneous products as to which Plaintiff has no direct or indirect copyrights or interest." ECF No. 86 at 3, 9–10. Plaintiff failed to file any motion in opposition to Island Creamery's motion to quash, although it requests that the subpoenas to the municipalities of San Juan and Hatillo be enforced in Plaintiff's motion to

compel. ECF No. 88 at 5. Nevertheless, Plaintiff argues in its motion to compel that the tax information in the possession of the municipalities is relevant to the calculation of damages under 17 U.S.C. § 504 as the new Baskin Robbins ice cream restaurants received increased revenue attributable to Island Creamery's alleged infringement of Plaintiff's copyrighted architectural designs for Baskin Robbins restaurants because Island Creamery promoted the new ice cream restaurants and "those designs were producing sales." ECF No. 88 at 2. Plaintiff explains that he wants the tax returns so that "Plaintiff's expert can review them to see if those returns provide evidence of Island Creamery's increased sales[.]" ECF No. 88 at 5. Accordingly, Plaintiff has filed an additional motion requesting an extension of fifteen days for its expert to produce his expert report after the date which Plaintiff receives the requested tax information. ECF No. 106.

  The design of a restaurant's facilities may contribute to the revenues of that business, even if the restaurant's sole product is food and beverage sales inside those facilities. A restaurant's facilities, in addition to a restaurant's product offerings, can attract customers who care not only about the quality of the food, but also a nice place to enjoy it. Therefore, an increase in a restaurant's revenues may originate at least in part from the design and construction of new restaurant facilities which attract more customers. In this way, contrary to its arguments in the motion to quash, Island Creamery's profits cannot be said to be derived solely from the sale of ice cream and ice cream products at its Baskin Robbins restaurants, and evidence regarding the impact of the redesigned Baskin Robbins restaurants on Island Creamery's revenue is relevant.

However, Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" considering, for example "the importance of the issues at stake in the action [and] . . . the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1). Here, Plaintiff has failed to articulate how its subpoenas to the municipalities of San Juan and Hatillo are proportional to the needs of the case and the importance of the discovery in resolving the issues, considering all of the other factors which would contribute to Island Creamery's gross revenue. A restaurant's menu and variety of products, location, square footage, parking availability, and marketing can all have an impact on the revenue of a particular restaurant, to name a few factors. For example, an individual restaurant's location in a high-traffic area is more likely to produce higher revenue than a similarly sized store with the same menu built in an area with much less traffic, assuming everything else equal. It would be speculative to determine any impact in revenue due to the design for a restaurant that is newly built with the allegedly infringing architectural design, as there is no point of comparison for revenues in that restaurant's specific location—unless another restaurant could be found without the allegedly infringing design operating in an area with similar traffic, similar square footage, a similar quantity of parking spaces, a similar menu, similar marketing, similar hours of operation, and a similar quantity of employees during the same period of time. Plaintiff has provided no indication as to how the tax information for the Baskin Robbins restaurants in Hatillo and San Juan provides a representative sample adequate to control for all the above factors and thus is proportional to the needs of the case.

Furthermore, in the amended complaint, Plaintiff alleges that its copyrighted designs were infringed in the construction or remodeling of at least seven Baskin Robbins ice cream

restaurants—only three of which are located either in the San Juan or Hatillo municipalities. ECF No. 57 at 5, 9–10. Likewise, in Plaintiff's Request for Production of Documents" from November 15, 2022, Plaintiff asks Island Creamery to produce evidence regarding the municipal taxes paid at thirteen different Baskin Robbins locations. ECF No. 86-1 at 9–11. Only four of those thirteen Baskin Robbins restaurants are located in San Juan and one is located in Hatillo. See ECF No. 86-1 at 9–10. Therefore, Plaintiff has failed to explain how the municipal tax information for only San Juan and Hatillo can represent all the "gross revenues" for Island Creamery, or even the average gross revenue of the restaurants which Plaintiff alleges were built or remodeled as a result of copyright infringement. Any attempt by Plaintiff to use its expert to make a damages calculation based only on the revenues of the Baskin Robbins locations in San Juan and Hatillo constitutes "cherry picking" evidence and does not provide a full picture of Island Creamery's gross revenue as outlined under 17 U.S.C. § 504(b) in order to calculate damages attributable to any copyright infringement. Plaintiff has identified no other reason to justify the production of only those tax returns for San Juan and Hatillo and has not directly opposed Island Creamery's motion to quash. Therefore, the subpoenas to the municipalities of San Juan and Hatillo are quashed.

## II. PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF PUERTO RICO COMMONWEALTH TAX RETURNS

Turning now to Plaintiff's motion to compel, Plaintiff's request to order Island Creamery to produce directly to Plaintiff its municipal and Puerto Rico Commonwealth tax returns for examination by Plaintiff's expert is untimely. The deadline for the parties to serve written discovery requests was December 2, 2022 and the court provided that "[a]nswers [to the same] are due within the period of time allowed under the Federal Rules of Civil Procedure." ECF No. 72 at 2. Under Federal Rule of Civil Procedure 34(b)(2)(A), a party receiving a request for

written production "must respond in writing within 30 days after being served[.]" Fed. R. Civ. P. 34(b)(2)(A). Plaintiff's "Request for Production of Documents" is dated November 15, 2022. ECF Nos. 86–1 at 17. Therefore, if Island Creamery was served Plaintiff's request for documentary evidence on November 15, 2022, Island Creamery's responses were due December 15, 2022. See ECF No. 106 at 3. However, Island Creamery's "Responses and Objections" were served via email to Plaintiff's counsel over a month later on January 20, 2023. ECF No. 86-2 at 41. Plaintiff did not file a motion to compel Island Creamery's production of any written discovery shortly after the December 15, 2022 deadline or even shortly after Island Creamery's responses and objections were received on January 20, 2023 after making a good faith attempt to confer with opposing counsel. Instead, after having received Island Creamery's responses and objections, Plaintiff waited over a month until February 22, 2023 to file the instant motion to compel after having tried unsuccessfully to subpoena certain tax records from the municipalities of San Juan and Hatillo earlier in February. ECF No. 88 at 6.[1] The deadline for Plaintiff to announce its expert witnesses and to produce expert reports and expert witness disclosures expired on February 28, 2023. ECF No. 72 at 2. If Plaintiff believed that Island Creamery had unreasonably failed to comply with Plaintiff's request for the production of any of the tax returns—for taxes paid to either the municipalities or to the Commonwealth of Puerto Rico—Plaintiff should have filed a motion to compel much sooner than February 22, 2023. Therefore, Plaintiff's motion to compel Island Creamery to produce municipal and Puerto Rico Commonwealth tax returns is DENIED.

---

[1] The parties had also been ordered the parties to meet and confer no later than February 16, 2023 in an attempt to resolve the controversy regarding the subpoenas without need for the court's intervention. ECF No. 80. If no consensus was reached, the court granted Island Creamery to opportunity to file a motion to quash or for protective order by February 24, 2023. ECF No. 80. This order, however, was limited in scope to the issue of the subpoenas, not an enlargement of the deadline to carry out written discovery between the parties such as requests for production of documents.

### III.   CONCLUSION

For the foregoing reasons, Island Creamery's "Motion to Quash Subpoena[s] and for Protective Order" (ECF No. 86) is GRANTED. The subpoenas served upon the Puerto Rico municipalities of San Juan and Hatillo (ECF Nos. 86-3, 86-4) are hereby quashed. Likewise, Plaintiff's "Motion to Compel" (ECF No. 88) is DENIED. Plaintiff's "Motion for Extension of Time to Produce Expert Report" (ECF No. 106) is GRANTED IN PART AND DENIED IN PART. If Plaintiff has not yet produced any expert report which has already been prepared, it shall produce such report by **May 9, 2023**.[2] Defendants shall be granted until **June 9, 2023** to then produce their expert report(s). The deadline to conclude all depositions remains as set for **July 14, 2023.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of May, 2023.

s/Marcos E. López  
U.S. Magistrate Judge

---

[2] Plaintiff has indicated that "[i]f the court denies the motion to compel the production of tax information, Plaintiff's expert report can be produced forthwith." ECF No. 106 at 5.