IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ESTUDIO HACEDOR, PSC, <br><br> Plaintiff, <br><br> v. <br><br> JUAN ANTONIO LARREA, et al., <br><br> Defendants. | CIVIL NO.: 22-1233 (FAB) |

**OPINION & ORDER**

Pending before the court is Plaintiff Estudio Hacedor, PSC's "Motion for Reconsideration" and "Supplemental Motion for Reconsideration." ECF Nos. 115, 116. The motion for reconsideration (ECF No. 115) is DENIED; however, Plaintiff's extension request to produce the expert report by May 23, 2023 (ECF No. 116) is GRANTED.

The arguments raised in the Defendants' opposition (ECF No. 117) to Plaintiff's request for reconsideration are persuasive. Having said that, a few additional remarks are in order.

The mere pendency of motions, dispositive or otherwise, does not automatically stay the discovery deadlines. As warned to the parties by the court: "The parties will not be allowed to extend discovery on their own by agreeing to do so among themselves. Nor may the parties stay the discovery by agreement. A stay of proceedings requires a Court order. In the absence of a Court order, discovery shall continue even if there is a dispositive motion pending." ECF No. 34 at 8, ¶3. At the Initial Scheduling Conference the parties were put on notice again when the Court indicated that "[t]he following deadlines were set and shall not be amended by the parties on their own without prior leave from the Court." ECF No. 72, at 2.

Plaintiff had indicated in an untimely motion for extension of time that "[i]f the Court denies the motion to compel the production tax information, Plaintiff's expert report can be produced forthwith." ECF No. 106, at 5. Inexplicably, however, Estudio Hacedor, PSC, now claims that "Plaintiff never imagined that this Court would deny its motion to compel." ECF No. 115, at 5, n.1. Furthermore, Plaintiff argues that while the motion for extension of time says 'forthwith', fifteen days was its intent. *Id*. In other words, "forthwith" does not mean in Plaintiff's lexicon immediately or without delay, but rather more than two weeks. John Milton must have been mistaken when in *Paradise Lost* he wrote: "Let there be Light; said God, and forthwith Light Ethereal, first of things, quintessence pure, Sprung from the Deep…. Thus was the first Day Eev'n and Morn." Book VII (243-245; 252). The seed of doubt has been planted as to whether thus was actually creation's first half of a month. Needless to say, the Court finds Plaintiff's definition of "forthwith" to be peculiar.

Plaintiff argues that "this Court has rewarded Defendants with an extension they did not request, while imposing an impossible deadline on Plaintiff's expert…." ECF No. 115, at 12. Perhaps Plaintiff needs a reminder of the schedule of this case. The deadline for Plaintiff to produce its experts' reports was February 28, 2023. ECF No. 72. The Court, which could have kept the February 28, 2023 unaltered, extended the Plaintiff's deadline to produce its expert report until May 9, 2023. ECF No. 112. This is an extension of more than two months that Plaintiff was not entitled to and yet received from the Court. Therefore, Plaintiff's claims that May 9, 2023 was an impossible deadline and that the Court has rewarded Defendants by giving the Defendants an extension similar to the one given to Plaintiff ring hollow and are untenable.

Plaintiff contends that it is "being penalized for following the rule of the law as Rule 26 establishes and trying to resolve discovery disputes without the Court's intervention." ECF No.

115 at 10. Once again, Plaintiff misses the mark. Although Plaintiff first said that it had served its request for production of documents to Island Creamery on November 15, 2023, now it says that it did so on November 23, 2023. *Compare* ECF No. 106 at 3 with ECF No. 115 at 9. Regardless which date is the correct one, pursuant to the Court's order at the Initial Scheduling Conference, Island Creamery's responses were due either on December 15, 2022 or December 23, 2022. ECF No. 72 at 2. Despite knowing that the deadline to produce its expert report was on February 28, 2023, Plaintiff, rather than insisting on Island Creamery complying with the deadlines and seeking to meet and confer promptly after the deadline for Island Creamery to produce the requested documents expired, chose to wait (or grant Island Creamery's extension requests) until January 22, 2023 for Island Creamery to answer Plaintiff's requests for the production of the tax documents. ECF No. 115 at 9. Island Creamery finally responded on January 22, 2023, raising objections to Plaintiff's requested documentary production—nearly a month after the court-imposed deadline. ECF No. 115 at 9. By this time, Plaintiff had less than five weeks to produce its expert report. Yet, rather than promptly filing a motion to compel Island Creamery to produce the tax documentation requested, Plaintiff chose to wait until February 22, 2023 to file said motion, that is less than a week before its expert report was due. In the end, the concern is not with Plaintiff's counsel trying to confer with opposing counsel to resolve discovery disputes without the need of the Court's intervention. The problem is that due to the timeframe of the discovery schedule, such attempts to confer had to be done swiftly to avoid missing the deadlines set by the Court.

  Nothing prevented Plaintiff from serving the subpoenas to the municipalities of San Juan and Hatillo early in the discovery process. Plaintiff could have simultaneously served document requests to Island Creamery and subpoenas to the municipalities of San Juan and Hatillo.

However, Plaintiff chose to wait until January 30, 2023 to serve said subpoenas, that is when there was less than thirty days for its expert to produce his or her report. ECF Nos. 86-3 at 2, 86-4 at 2. Plaintiff gave the municipalities until February 14, 2023 to comply with the subpoenas, which is not unreasonable, but by delaying the service of the subpoenas until January 30, 2023, Plaintiff had placed itself in a tight corner. Even if a motion to compel the enforcement of the subpoenas had been filed by February 15, 2023, under Local Rule of Civil Procedure 7(b), any oppositions to the motion to compel could be filed within fourteen days, unless the Court had abbreviated the period of time for the oppositions to be filed. Thus, if Plaintiff had filed its motion to compel on February 15, 2023, then any responses in opposition could be filed by March 1, 2023, that is after the deadline for Plaintiff to produce its expert report. In sum, taking into account the timeline of the discovery in this case, Plaintiff should have served the subpoenas to the municipalities earlier and not extended so long the period to confer with the legal representation of Island Creamery to address any discovery disputes regarding the tax documents requested. To put it succinctly, simply because Island Creamery asked for more time to respond to a discovery request does not necessarily mean that Estudio Hacedor, PSC had to agree to such request, particularly when facing a nearby deadline to produce an expert report.

      Although the reasons articulated above suffice to deny Plaintiff's motion for reconsideration, a few final observations are hereby added to dispel certain misconstructions of the court's order denying the motion to compel. Plaintiff claims that it is manifest error to place the onus on Plaintiff to demonstrate an "identical store" and that Plaintiff cannot point to a "control store … because no such store exists." ECF No. 115, at 5; ECF No. 116, at 1. First, the Court has never used the term "identical" to refer to a "control store". The Court has used the term "similar", meaning resembling without being identical. In other words, a "control store", to

4

use Plaintiff's term, does not have to be exactly the same in all respects in order to serve as an adequate point of comparison. Second, the Court is not flipping the burdens in Title 17, United States Code, Section 504(b), which provides that "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." If the case were to proceed to trial, the statutory text indicated above would be followed to a tee. However, this does not relieve Plaintiff at the discovery stage from having to show a causal nexus between the infringement and the gross revenues. *See Bell v. Taylor*, 827 F.3d 699, 710-11 (7th Cir. 2016) (finding no abuse of discretion in the denial of a motion to compel the production of defendants' tax returns where plaintiff does not develop an "argument to demonstrate how the tax returns would allow him to develop a causal nexus, even if they did reflect an increase in profits during the period of infringement.") Plaintiff emphasizes the fact that the Court has already made a finding that the architectural design of a restaurant is not irrelevant to a customer's decision to eat there. Nevertheless, Plaintiff ought to keep in mind that sometimes evidence, "although relevant, [is] too general, standing alone, to establish a causal nexus." *Apple Inc. v. Samsung Electronics Co., Ltd.,* 753 F.3d 1352, 1367 (Fed. Cir. 2013).

For all the foregoing reasons, Plaintiff's motion for reconsideration (ECF No.115) is DENIED (ECF Nos. 115), but its request to produce its expert report by May 23, 2023 is GRANTED. Plaintiff is put on notice that **no additional extensions will be granted** to produce its expert report. The parties are also reminded that this decision granting an untimely extension of time should not be construed as meaning that the court will necessarily do so again in the future. The deadline to conclude all depositions remains as set, that is July 14, 2023.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of May, 2023.

s/Marcos E. López  
U.S. Magistrate Judge